*433 In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 11, 2007, which, upon a prior order of the same court dated January 8, 2007 converting its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint into a motion for summary judgment dismissing the complaint, denied the converted motion.
Ordered that the order dated September 11, 2007 is reversed, on the law, with costs, and the defendant’s converted motion for summary judgment dismissing the complaint is granted.
In 2002 the plaintiff was employed by the William Floyd School District (hereinafter the School District). Due to certain personal issues, the plaintiff requested a leave of absence for the 2003-2004 school year. The School District and the plaintiff entered into a written stipulation, which contained the following relevant provisions.
First, the School District agreed that the plaintiff would be granted the leave of absence. The plaintiff agreed to retire at the end of the 2003-2004 school year.
Second, the School District agreed to give the plaintiff “retirement pay” in the sum of $139,669.20. Of that amount, the sum of $130,165 would be paid to the plaintiff over the course of the 2003-2004 school year, as “salary.”
Finally, the stipulation contained the following indemnification provision: “Any part of [the stipulation] which is found contrary to law shall be deemed null and void. Any benefit lost to [the plaintiff] by being found null and void shall be replaced by the [School District] with a benefit of substantially equal value.”
On July 1, 2004 the plaintiff, who received payments totaling $130,165 over the course of the 2003-2004 school year, retired. The plaintiff, a member of the New York State Teachers Retirement System (hereinafter the Retirement System) for more than 30 years, submitted an application to the Retirement System for retirement benefits.
In a letter dated June 24, 2005 the Retirement System advised the plaintiff that it was not going to consider the payments totaling $130,165, which he received pursuant to the stipulation, when calculating his retirement benefits, because those payments could not be considered “regular salary” (see 21 NYCRR 5001.1 [d]; 5003.1 [a]). As a result of this determination, the plaintiff’s retirement benefits were approximately *434 $10,000 per year less than they would have been if the payments in the amount of $130,165 were considered.
Subsequently, the plaintiff, who estimated that he was going to receive approximately $250,000 less in total retirement benefits, demanded that amount from the School District. When the School District failed to satisfy that claim, the plaintiff commenced the instant action against the School District’s Board of Education (hereinafter the Board), seeking to recover damages for an alleged breach of the stipulation’s indemnification provision. Contrary to the Supreme Court’s determination, the Board was entitled to summary judgment dismissing the complaint.
The Board, which submitted the stipulation, demonstrated its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The stipulation did not contain a provision regarding how the Retirement System—a separate governmental entity not a party to the stipulation— would treat the $130,165 in payments, nor did it contain a provision to the effect that the Retirement System would take that sum into account when calculating the plaintiffs retirement benefits. Thus, the Board established that the Retirement System’s consideration of that sum was not “part of [the stipulation].” It necessarily follows that when the Retirement System refused to take the $130,165 in payments into account, no part of the stipulation was “found contrary to law” and “deemed null and void,” which meant that no “benefit” was “lost to [the plaintiff] by being found null and void,” and hence, that the School District had no obligation to give the plaintiff “a benefit of substantially equal value.”
The plaintiffs evidentiary submissions were insufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324). The plaintiff submitted, among other things, an affidavit in which he basically asserted that he and the School District intended that the indemnification provision cover the “loss” he would suffer in the event the Retirement System refused to consider the sum of $130,165 when calculating his retirement benefits. However, since, as indicated above, the indemnification provision is unambiguous and clearly does not cover that situation, this extrinsic evidence of intent cannot be considered (see Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]). Florio, J.P., Angiolillo, McCarthy and Chambers, JJ., concur.